1  KRISTEN J. NESBIT, SBN 242426
   E-Mail: knesbit@fisherphillips.com
2  SHAUN J. VOIGT, SBN 265721
   E-Mail: svoigt@fisherphillips.com
3  LALONNIE V. GRAY, SBN 336999
   E-Mail: lgray@fisherphillips.com
4  ARIELLA M. KUPETZ, SBN 332736
   E-Mail: akupetz@fisherphillips.com
5  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
6  Los Angeles, California 90071
   Telephone: (213) 330-4500
7  Facsimile: (213) 330-4501

8  Attorneys for Defendant CRST Expedited, Inc. dba CRST
   The Transportation Solution, Inc. (Dedicated West
9  Division) formerly known as Gardner Trucking, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO AMEZCUA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GARDNER TRUCKING, INC., a California corporation; GAMINO & ASSOCIATES, INC., a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>*[Removed from Alameda Superior Court; Case No. RG20080628]*<br><br>**DEFENDANT CRST EXPEDITED, INC. DBA CRST THE TRANSPORTATION SOLUTION, INC. (DEDICATED WEST DIVISION) FORMERLY KNOWN AS GARDNER TRUCKING, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed: November 20, 2020<br>Removal Date:    October 25, 2022 |

**TO PLAINTIFF, HIS COUNSEL OF RECORD, AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant CRST Expedited, Inc. dba CRST The Transportation Solution, Inc. (Dedicated West Division) formerly known as Gardner Trucking, Inc. ("Defendant" or "Dedicated West") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal of this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446(b). The grounds for removal are as follows:

**I.      STATEMENT OF JURISDICTION.**

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.     VENUE.**

2. This action was filed in the California Superior Court for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 84(a), 1391, and 1441.

**III.    PROCEDURAL HISTORY.**

3. On November 20, 2020, Plaintiff Ricardo Amezcua ("Plaintiff") filed a Class Action Complaint against Gardner Trucking, Inc. and Gamino & Associates, Inc. alleging seven causes of action: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure

to pay hourly wages; (4) failure to indemnify; (5) failure to provide accurate written wage statements; (6) failure to timely pay all final wages; and (7) unfair competition, thereby initiating a civil action in Alameda County Superior Court entitled *Ricardo Amezcua v. Gardner Trucking Inc. et al.,* Case No. RG20080628 ("State Lawsuit").

4. On December 2, 2020, Plaintiff served Gardner Trucking, Inc. with a true and correct copy of the Summons, Complaint, and all other relevant materials from the State Lawsuit. Attached as **Exhibit A** to the Declaration of Shaun Voigt ("Voigt Decl.") is a true and correct copy of the initial Summons, Complaint, and all other materials that were served on Defendant.

5. On December 30, 2020, Gardner Trucking, Inc. was converted to Gardner Trucking Conversion, LLC, and on January 2, 2021, Gardner Trucking Conversion, LLC was merged into CRST Expedited, Inc. dba CRST The Transportation Solution, Inc. as part of a corporate restructuring. Effective on that date, Gardner Trucking, Inc. ceased to exist.

6. On November 18, 2021, Plaintiff filed a First Amended Class Action Complaint adding an additional cause of action for Civil Penalties for Violations of the California Labor Code, pursuant to the Private Attorneys' General Act of 2004 (PAGA). (Voigt Decl., **Exhibit B**.)

7. On December 20, 2021, Defendant filed an Answer to the First Amended Class Action Complaint. (Voigt Decl., **Exhibit C**.)

8. Pursuant to 28 U.S.C. § 1446, Defendant is concurrently filing a "Supplemental Notice In Support of Removal Regarding Process, Pleadings, and All Orders" containing a copy of all process, pleadings, and orders served upon Defendant, which is incorporated by reference as if stated herein.

9. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the State Lawsuit or served by any party other than as described above and in the concurrently filed "Supplemental Notice In Support of Removal Regarding Process, Pleadings, and All Orders."

///

///

## IV.   TIMELINESS OF REMOVAL.

10. This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days from the date it first objectively learns that an action is removable through: (1) the face of the initial pleadings or (2) the receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015).

11. If removability is "indeterminate" based on the initial pleading or other document served by the plaintiff, the defendant may remove "at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."). A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1123; *see also Stiren v. Lowes Home Centers, LLC*, No. 19-cv-00157, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (denying plaintiff's motion to remand; stating: "defendants are not charged with any investigation, not even into their own records").

12. A defendant may remove an action at any time "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013); *see also Anaya v. Mars Petcare US, Inc.*, No. 21-cv-1603, 2021 WL 5578724, at *3 (C.D. Cal. Nov. 29, 2021) (denying plaintiff's motion to remand when defendant removed the case after discovering that the amount in controversy was ascertainable based on "the results of Defendants' own investigation").

13. Here, Plaintiff's initial Complaint and the First Amended Class Action Complaint is indeterminate with respect to removability. (*See* Voigt Decl., **Exhibit B**.) For example, the First Amended Class Action Complaint does not state the specific number of people in the class, does not specify any putative class member's rate of pay, and does not provide a specific amount of the damages of the class that Plaintiff is seeking by way of the lawsuit. (*Id.*) Indeed, Plaintiff's

Class Action Complaint and First Amended Class Action Complaint expressly state: "Plaintiff is informed and believes, and thereupon alleges that the individual claims of the class defined below are under the $75,000 threshold for federal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law." (Voigt Decl., **Exhibit A and B** at ¶ 6.) Nor has Defendant received any other "pleading, motion, order, or other paper" in this matter that revealed on its face that this matter was removable under CAFA. (Voigt Decl. at ¶ 6.)

14.   In sum, neither the First Amended Class Action Complaint nor any other "pleading, motion, order, or other paper" revealed that this case was removable. Accordingly, the deadline to remove the case under CAFA has not be triggered in this case. *See, e.g.*, *Jian-Ming Zhao v. RelayRides, Inc.*, No. 17-cv-04099, 2017 WL 6336082, at *12 (N.D. Cal. Dec. 12, 2017) (denying plaintiff's motion to remand in part because the complaint "did not reveal on its face that the action was removable under CAFA" when the complaint "contained no specific allegations regarding the size of the two proposed classes (including whether there were more than 100 class members), or the amount of either Zhao's damages or the damages of the class as a whole"); *Trahan v. U.S. Bank Nat'l Ass'n*, No. 09-cv-03111, 2014 WL 116606, at *4 (N.D. Cal. Jan. 13, 2014) (denying plaintiff's motion to remand when documents filed in the litigation "did not expressly state that the amount in controversy would exceed $5,000,000 . . . and he did not make any specific assertions about the amount of damages that might be available to the class or the value of injunctive relief"). Thus, removal is timely because Defendant remained free to remove at any time based on the results of its own investigation. *See, e.g.*, *Roth*, 720 F.3d at 1123; *Anaya*, 2021 WL 5578724, at *3.

V.   **GROUNDS FOR REMOVAL.**

15.   CAFA provides, in relevant part, that district courts have original jurisdiction over any class action, brought under state or federal law, in which (a) the number of members of all proposed plaintiff classes in the aggregate is at least 100; (b) any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) the amount in controversy exceeds

the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

**A.  Subject Matter Jurisdiction is Satisfied Because Plaintiff's First Amended Class Action Complaint Alleges a Class Action.**

16.   This case is brought by Plaintiff as a class action.  Specifically, Plaintiff seeks to represent the following classes:

**Hourly Employee Class:** All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period.

**Meal Period Sub-Class:** All Hourly Employee Class members who worked a shift in excess of five hours during the Relevant Time Period.

**Rest Period Sub-Class:** All Hourly Employee Class members who worked a shift of at least three and one-half (3.5) hours during the Relevant Time Period.

**Waiting Time Penalties Sub-Class:** All Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Class:** All persons employed by Defendants and/or any staffing agencies and/or any other third parties in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**UCL Class:** All Hourly Employee Class members employed by Defendants in California during the Relevant Time Period.

**Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the Relevant Time Period.

**Vacation Pay Class:** All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the Relevant Time Period.

(Voigt Decl., **Exhibit B** at ¶ 14.)

17.   Because Plaintiff's First Amended Class Action Complaint alleges a class action as defined by 28 U.S.C. § 1332(d)(1)(B), this Court has original jurisdiction under CAFA.

**B.  The Numerosity of Class Members Requirement is Satisfied.**

18.   It is beyond dispute that the total number of putative class members is well in excess of 100.  Indeed, there are more than 9,500 individuals that worked for Gardner Trucking,

Inc. and Dedicated West as truck drivers between November 20, 2016 to July 27, 2022. (Declaration of Stastny ("Stastny Decl.") at ¶ 7.) This total reflects individuals that worked as drivers and were not salary-exempt. (*Id.*)

### C. Complete Diversity Exists Between Plaintiff and Defendant.

#### i. Citizenship of Plaintiff.

19. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11-cv-163, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

20. In his First Amended Class Action Complaint, Plaintiff states that he "is, and at all relevant times mentioned herein was, an individual residing in the State of California." (Voigt Decl., **Exhibit B** at ¶ 7.) Nothing in the First Amended Class Action Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

#### ii. Citizenship of CRST Expedited, Inc. dba CRST The Transportation Solution, Inc. (Dedicated West Division) formerly known as Gardner Trucking, Inc.

21. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[I]n practice [this] should normally be the place where the corporation

maintains its headquarters." *Id*. at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

22. Defendant CRST Expedited Inc. acquired Gardner Trucking in 2016. (Stastny Decl. at ¶ 4.) At the time that Plaintiff filed the First Amended Complaint, Gardner Trucking, Inc. ceased to exist as a corporation. (*Id.*) At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Defendant is, and was, a corporation incorporated in Iowa. (*See id.* at ¶¶ 2–3.) Defendant's principal place of business is, and was, located in Iowa as of the date the State Lawsuit and this Notice of Removal were filed. (*See id.* at ¶ 2.) Defendant's officers and directors, including the Chief Executive Officer, Chief Financial Officer, and many other executive officers and employees work and direct the operations of Defendant from its Iowa headquarters. (*Id.* at ¶ 3.) Defendant controls, directs, and coordinates the company's business activities at its Iowa headquarters. (*Id.*) Accordingly, Defendant is a citizen of the State of Iowa as it is incorporated and has its principal place of business in Iowa.

23. Therefore, diversity is sufficiently established under CAFA because Plaintiff is a citizen of California and Defendant is a citizen of Iowa. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (stating CAFA amends "the federal diversity statute, 28 U.S.C. § 1332, and now vests original jurisdiction for class actions in federal court where there is minimal diversity").

**D. The Amount in Controversy is Well Over the Jurisdictional Minimum under CAFA.**

24. CAFA authorizes the removal of class actions in which the amount in controversy for all class members exceed $5,000,000. 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs.").

25.   A defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant's "amount-in-controversy allegation should be accepted" as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal-court jurisdiction. *Id.* at 87.

26.   While Defendant denies liability as to Plaintiff's claims, based on the allegations contained in the First Amended Class Action Complaint, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The amount in controversy can be determined from Defendant's own investigation. *Roth*, 720 F.3d at 1123; *Anaya*, 2021 WL 5578724, at *3.

27.   Plaintiff's First Amended Class Action Complaint purports to assert causes of action, on behalf of a class, for failure to provide meal periods (Count I); failure to provide rest periods (Count II); failure to pay hourly wages (Count III); failure to indemnify (Count IV); failure to provide accurate written wage statements (Count V); failure to timely pay all final wages (Count VI); and unfair competition (Count VII). (Voigt Decl., **Exhibit B** at ¶¶ 38–137.)

28.   Defendant employed Plaintiff from approximately February 23, 2018 to February 24, 2020. (Stastny Decl. at ¶ 6; Voigt Decl., **Exhibit B** at ¶ 22.) Plaintiff worked full-time and earned $18.00 per hour at the time of his separation. (Stastny Decl. at ¶ 6.) Plaintiff asserts that he is typical of the class. (Voigt Decl., **Exhibit B** at ¶ 18.) From November 20, 2016 to July 27, 2022, more than 9,500 individuals were employed by Gardner Trucking, Inc. and/or Dedicated West in California that fit within the putative class definition, all of whom collectively worked more than 500,000 workweeks. (Stastny Decl. at ¶ 7.) From November 20, 2016 to December

27, 2018, more than 2,600 individuals were employed by Gardner Trucking, Inc. in California that fit within the putative class definition, all of whom collectively worked more than 75,000 workweeks. (Stastny Decl. at ¶ 8.)

29. Between November 20, 2017 and July 27, 2022, more than 6,800 individuals that are within the putative class definition separated their employment with Gardner Trucking, Inc. or Dedicated West. (Stastny Decl. at ¶ 9.)

### i. *Amount in Controversy for Plaintiff's Meal Period Claim.*

30. Plaintiff claims that he and putative class members were not provided "meal periods of at least thirty (30) minutes for each five (5) hour work period." (Voigt Decl., **Exhibit B** at ¶ 24.) In Plaintiff's First Cause of Action for failure to provide meal periods as set forth in the First Amended Complaint, Plaintiff alleges that he and the putative class members are entitled to "unpaid premium wages" and reasonable attorney's fees. (Voigt Decl., **Exhibit B** at ¶¶ 53–55.)

31. Where applicable, California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. Cal. Lab. Code § 226.7(b). The statutory period for recovery for a California Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. Cal. Civ. Proc. Code § 338(a) (setting out a three-year-limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

32. Plaintiff has not placed any limits on his meal period claim. As such, at this juncture, every meal period of every putative class member during the class period is in controversy and this cause of action alone exceeds the jurisdictional amount in controversy in this case. For example, if Plaintiff was to succeed in proving that putative class members were not provided compliant meal periods twice a week for every week that they worked throughout the putative class period and were not paid a meal period premium, the amount in controversy for the meal period claim would be at least **$18,000,000** (500,000 workweeks x 2 days x $18.00). Thus, Plaintiff's meal period claim exceeds the jurisdictional threshold amount in controversy

for CAFA.

### ii. Amount in Controversy for Plaintiff's Rest Period Claim.

33. Plaintiff claims that he and putative class members were not provided "rest periods of at least ten (10) minutes for each four (4) hour work period." (Voigt Decl., **Exhibit B** at ¶ 26.) In Plaintiff's Second Cause of Action for failure to provide rest periods, Plaintiff alleges that he and the putative class members are entitled to "unpaid premium wages" and reasonable attorney's fees. (Voigt Decl., **Exhibit B** at ¶¶ 65–67.)

34. Where applicable, California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a rest period was not provided. Cal. Lab. Code § 226.7(b). The statutory period for recovery for a California Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. Cal. Civ. Proc. Code § 338(a) (setting out a three-year-limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

35. Plaintiff has not placed any limits on his rest period claim. As such, at this juncture, every rest period of every putative class member during the class period is in controversy. When applied throughout the putative class period, this cause of action alone exceeds the amount in controversy in this case and, as alleged, places an amount in controversy equal to Plaintiff's meal period claim: **$18,000,000** (500,000 workweeks x 2 days x $18.00). Thus, Plaintiff's rest period claim exceeds the jurisdictional threshold amount in controversy for CAFA.

### iii. Amount in Controversy for Plaintiff's Overtime Claim.

36. Plaintiff alleges in his First Amended Class Action Complaint that he "and class members consistently worked in excess of ten (10) and up to sixteen (16) hours a day," but were not paid for work "in excess of eight (8) hours a day and/or forty (40) hours a week, entitling Plaintiff and class members to overtime and double-time wages [that] they were systemically denied." (Voigt Decl., **Exhibit B** at ¶ 29.)

///

37. In Plaintiff's Third Cause of Action for failure to pay hourly and overtime wages, Plaintiff claims that he and the putative class members are entitled to "unpaid straight and overtime wages" and reasonable attorney's fees. (Voigt Decl., **Exhibit B** at ¶¶ 91–92.)

38. Unless an exemption applies, California law requires that employers pay non-exempt hourly employees one-and-one-half times their regular rate for all hours worked over eight hours in a day or 40 hours in a week. Cal. Lab. Code § 510. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. *Id.* Employers must pay double time for all hours worked over 12 hours in a day, and for all hours worked in excess of eight hours on the seventh consecutive day of work in a single workweek. *Id.* When a Business & Professions Code claim is alleged, the statutory period for recovery under California Labor Code section 510 is calculated under a 4-year statute of limitations. Cal. Civ. Proc. Code § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

39. Assuming each putative class member had the same hourly wage as Plaintiff's final hourly wage, worked full-time at five days per week, and was required to work 0.5 hours of overtime per workweek and entitled to such overtime pay, the amount in controversy on Plaintiff's overtime claim alone could well exceed **$6,750,000** (0.5 x (1.5 x $18.00) x 500,000 workweeks).[1]

### iv.     *Amount in Controversy for Plaintiff's Waiting Time Penalty Claim.*

40. Plaintiff alleges in his First Amended Class Action Complaint that "Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages" and "Defendants have failed to timely pay Waiting Time Penalties Sub-Class members all of their final wages in accordance with the Labor Code." (Voigt Decl., **Exhibit B** at ¶¶ 114–15.) Plaintiff further alleges that "Defendants' failure to timely pay all final

---

[1] This calculation does not include workdays on which Plaintiff or putative class members may claim that they worked in excess of 12 hours, which would be subject to a double-time rate unless an exemption to California's daily overtime requirements apply.

1  wages to him and Waiting Time Penalties Sub-Class members have been willful..." (Voigt Decl., **Exhibit B** at ¶ 117.)

41. In Plaintiff's Sixth Cause of Action for failure to timely pay all final wages, "Plaintiff, on behalf of himself and Waiting Time Penalties Sub-Class members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days..." as well as "reasonable attorneys' fees..." (Voigt Decl., **Exhibit B** at ¶¶ 118–19.)

42. Plaintiff has not placed any limits on his waiting time penalty claim. As such, at this juncture, every formerly employed putative class member during the applicable period is in controversy. Assuming each of the approximately 6,800 putative class members that separated their employment with Gardner Trucking, Inc. or Dedicated West between November 20, 2017 and July 27, 2022 were not paid all final wages in compliance with the Labor Code, and using Plaintiff's hourly rate and assuming 8 hours per day for 30 days, the amount in controversy for Plaintiff's waiting time penalty claim is **$29,376,000** (($18.00 per hour x 8 hours/day x 30 days) x (6,800 putative class members)).

    *v.*  ***Amount in Controversy for Plaintiff's Claim for Attorney's Fees.***

43. Plaintiff has demanded attorney's fees, which are recoverable under the statues on which he has sued. (Voigt Decl., **Exhibit B** at ¶¶ 55, 67, 92, 102, 109, 119, 137.) If attorney's fees are recoverable by a plaintiff, the fee claim is included in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

44. In the Ninth Circuit, the attorney's fees benchmark is twenty-five percent of a settlement or judgment in a class action. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Arreola v. Shamrock Foods Co.*, No. 19-

cv-04123, 2021 WL 4220630, at *6 (C.D. Cal. Sept. 16, 2021) (acknowledging the 25% Ninth Circuit benchmark and granting plaintiff's request for attorney's fees equaling 28.8% of the gross value fund in class action).

45. Based on the above, the amount in controversy for attorney's fees based on waiting time penalties alone is **$7,344,000** ($29,376,000 x 25%). This subtotal substantially exceeds the $5,000,000 jurisdictional threshold without even accounting for Plaintiff's other causes of action in the First Amended Complaint.

46. Plaintiff's meal period, rest period, overtime, and waiting time penalty claims in the aggregate demonstrate that the amount is well above the jurisdictional threshold. Plaintiff's expense reimbursement and wage statement claims would serve to further increase the amount in controversy. Accordingly, the amount in controversy is satisfied and removal is proper.

**VI.   PROCEDURAL PREREQUISITES.**

47. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Northern District of California is the appropriate court to which to remove this action from the Alameda County Superior Court, where the action was filed.

48. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Northern District of California will be served on Plaintiff's counsel of record: Setareh Law Group. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda.

49. In filing this notice, Defendant does not waive any defenses or admit any of the allegations made in Plaintiff's State Lawsuit.

///
///
///
///
///
///

## VII. CONCLUSION.

Based on the foregoing, Defendant prays that the above-described action pending in the Superior Court of California, County of Alameda be removed to the United States District Court for the Northern District of California.

DATE: October 25, 2022                     **FISHER & PHILLIPS LLP**

By:  /s/ *Shaun J. Voigt*
Kristen J. Nesbit
Shaun J. Voigt
LaLonnie V. Gray
Ariella M. Kupetz
Attorneys for Defendant
CRST Expedited, Inc. dba CRST The Transportation Solution, Inc. (Dedicated West Division) formerly known as Gardner Trucking, Inc.