UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICARDO AMEZCUA,**<br>Plaintiff,<br>v.<br>**CRST EXPEDITED INC.; GAMINO & ASSOCIATES, INC.,**<br>Defendants. | Case No.  4:22-cv-06501-YGR<br><br>ORDER TO SHOW CAUSE RE: CAFA JURISDICTION |

TO PARTIES AND COUNSEL OF RECORD:

The Court requests supplemental briefing on the following issues relevant to plaintiff's motion to remand.  (Dkt. No. 15.)

Relevant here, "CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted).

Nevertheless, "Congress provided exceptions to CAFA jurisdiction," including the so-called "local controversy exception" and the mandatory "home state exception[.]" *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020).  While the removing party generally has the burden to show removal under CAFA was proper, where CAFA jurisdiction has been established, "the party seeking remand bears the burden to establish an exception to jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007).

Under the local controversy exception, courts "shall decline to exercise jurisdiction" when, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[,]" 28 U.S.C. § 1332(d)(4)(A), "the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Adams*, 958 F.3d at 1220 (citing 28 U.S.C. § 1332(d)(4)(A)).  Under the mandatory

home state exception, district courts "shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Adams*, 958 F.3d at 1220.

The complaint alleges that the named plaintiff is a citizen of California and that he seeks to represent a class of defendants' employees that worked in California for injuries allegedly sustained during that employment. (Dkt. No. 1-2, Complaint at ¶ 14.) At least one defendant appears to be a California citizen. Based on these allegations, the Court is concerned the local controversy exception and/or the mandatory home state exception may be a jurisdictional bar to CAFA jurisdiction.

Accordingly, it is **HEREBY ORDERED** that:

1. **By no later than January 10, 2023**, plaintiff shall respond in writing addressing whether one of the above exceptions applies. Failure to respond to this order by the deadline set forth above will be construed as a concession that the exceptions do not apply.
2. Defendant may file an optional response to plaintiffs' response by January 17, 2023.

The Court vacates the hearing set for January 10, 2023 to be reset if necessary.

**IT IS SO ORDERED.**

Dated: January 5, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE